MEMORANDUM **
Petitioner Ong Ko-Ko is an ordained Buddhist monk and national of Myanmar, formerly known as Burma. According to his written application and oral testimony, he has been repeatedly imprisoned and tortured by the government for his membership in the National League for Democracy, a political organization opposed to the regime in power. Ko-Ko stated that in 2006, fearing for his life, he fled to Thailand and then to Singapore. After several months, he was able to travel to Mexico and then across the border to the United States where he immediately sought asylum. At Ko-Ko’s removal hearing, despite noting that Ko-Ko’s testimony tracked his written statement and was quite detailed, the IJ found Ko-Ko not credible. IJ ordered Ko-Ko removed to Myanmar. The BIA affirmed in a brief opinion.
We review the BIA’s decision that Ko-Ko has failed to meet his burden of proof for asylum, withholding of removal, or relief under CAT for substantial evidence. Kamalyan v. Holder, 620 F.3d 1054, 1057 (9th Cir.2010); Shrestha v. Holder, 590 F.3d 1034, 1039 (9th Cir.2010); Bellout v. Ashcroft, 363 F.3d 975, 979 (9th Cir.2004), superseded by statute on other grounds as stated in Khan v. Holder, 584 F.3d 773 (9th Cir.2009). We review the IJ’s findings of fact, including credibility determinations, for substantial evidence. Ren v. Holder, 648 F.3d 1079, 1083 (9th Cir.2011).
Where, as here, the BIA’s opinion suggests that it did not conduct an independent review of the record, we look to the “IJ’s oral decision as a guide to what lay behind the BIA’s conclusion.” Shrestha, 590 F.3d at 1039, quoting Avetova-Elisseva v. INS, 213 F.3d 1192, 1197 (9th Cir. 2000).
Because Ko-Ko filed for asylum after May 11, 2005, the REAL-ID Act governs his case. See Shrestha, 590 F.3d at 1039. Under the REAL ID Act, the IJ may consider inconsistencies and omissions that do not go to the heart of the applicant’s claim. 8 U.S.C. § 1158(b)(1)(B)(iii). The IJ, however, may only base a credibility determination on “relevant factor[s] that, considered in light of the totality of the circumstances, can reasonably be said to have a ‘bearing on a petitioner’s veracity.’ ” Ren, 648 F.3d at 1084 (quoting Shrestha, 590 F.3d at 1044).
Both the IJ and the BIA relied primarily on an alleged misstatement at Ko-Ko’s bond-hearing to find Ko-Ko not credible. Though the bond hearing was not reported *678 and there were no contemporaneous notes of the hearing taken, the IJ believed that Ko-Ko had stated at the hearing that he left Myanmar in 1996, rather than 2006.
After the IJ’s and BIA’s decisions were filed, we decided Joseph v. Holder, 600 F.3d 1235 (9th Cir.2010). In Joseph, we granted the petition and remanded where an IJ relied on an alleged misstatement made at a bond hearing because, inter alia, the bond hearing was not recorded and thus lacked the procedural safeguards of a removal hearing. Id. at 1240-43. Although Joseph is a pre-REAL ID case, it is pertinent authority in determining the weight and relevance of factors the IJ may consider in post-REAL ID cases. See 590 F.3d at 1040. As noted above, in post-REAL ID cases, an IJ only may consider relevant factors in making a credibility determination. See Ren, 648 F.3d at 1084.
As a result of this intervening precedent, we remand to the BIA for reconsideration in light of Joseph v. Holder, 600 F.3d 1235 (9th Cir.2010).
Petition GRANTED and REMANDED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.